IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOREL JENKINS,  :  | |
|    *Plaintiff*,  : | |
| : | CIVIL ACTION |
| v.  : | NO. 20-1115 |
| : | |
| TIMOTHY BOGAN, et al.,  : | |
|    *Defendants*.  : | |

**MEMORANDUM**

**JONES, II   J.**                                                                                                    **June 22, 2020**

Plaintiff Dorel Jenkins, a prisoner at SCI Benner Township who is proceeding *pro se*, brings this civil action pursuant to 42 U.S.C. § 1983 asserting due process and equal protection violations based on his arrest, prosecution, and conviction in the Philadelphia Court of Common Pleas.  *See Commonwealth v. Jenkins*, CP-51-CR-0001050-2017 (C.C.P. Phila.).  He seeks to proceed *in forma pauperis*.  For the following reasons, the Court will grant Plaintiff leave to proceed *in forma pauperis* and dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**I.       FACTUAL ALLEGATIONS**[1]

Public dockets reflect that Plaintiff was arrested on December 6, 2016, and charged with gun and drug related offenses that, according to the docket, occurred on December 1, 2016.  *See Commonwealth v. Jenkins*, CP-51-CR-0001050-2017 (C.C.P. Phila.); *see also Commonwealth v. Jenkins*, MC-51-CR-0034255-2016 (Phila. Mun. Ct.).  Plaintiff was arraigned in Philadelphia Municipal Court on December 7, 2016, *see Jenkins*, MC-51-CR-0034255-2016, and the case was

---

[1] The following facts are taken from the Complaint and from the publicly available docket for Plaintiff's underlying criminal proceeding.

ultimately transferred to the Court of Common Pleas. *See Jenkins*, CP-51-CR-0001050-2017. A jury found Plaintiff guilty of prohibited possession of a firearm, carrying a firearm without a license, carrying a firearm in public in Philadelphia, and possession of a controlled substance.[2] *Id.* On December 16, 2019, Plaintiff was sentenced to several years of imprisonment. *Id.* His appeal is currently pending.

Approximately two months after he was sentenced, Plaintiff filed the instant civil action, which asserts claims based on his arrest, prosecution, and imprisonment. He names as Defendants three officers of the Philadelphia Police Department—Timothy Bogan, David Marcellino, and James Schuck—and nine Assistant District Attorneys—Jason Harmon, Owen Ladd, Susan Keesler, Jocelyn O'Conner, Kate McDermott, Tony Alvarez, Brian Burke, Laura Zipin, and Max C. Kaufman.

Although labeled as due process and equal protection claims, the gist of Plaintiff's Complaint is that he was falsely arrested and imprisoned, maliciously prosecuted, and wrongfully convicted on the gun-related charges because police officers and prosecutors conspired to misrepresent the date upon which he committed those offenses. He alleges that on December 6, 2016, Officer Marcellino pulled over his vehicle, asked for identification, opened his car door, and frisked his "entire body."[3] (Compl. at 13, ECF No. 2.)[4] Plaintiff alleges that Officer Marcellino "found and recovered a 357 revolver handgun off [his] waist band" and

---

[2] Plaintiff had initially been charged with possession with the intent to manufacture or deliver, but that charge was dismissed after a preliminary hearing. *See Commonwealth v. Jenkins*, MC-51-CR-0034255-2016 (Phila. Mun. Ct.).

[3] Reading the Complaint in its entirety, the Court does not understand Plaintiff to be challenging the legality of this stop and frisk.

[4] The Court adopts the pagination supplied by the CM/ECF docketing system.

2

immediately arrested him and transported him to the police station, "where the police corruption and conspiracy to violate [his] due process and equal protection rights began." (*Id.*)

Plaintiff alleges that Officer Marcellino failed to complete the proper paperwork as to the stop and frisk and arrest. (*Id.* at 14.) According to Plaintiff, Officer Marcellino instead conspired with Officer Bogan to report that the gun offenses occurred on December 1, 2016, rather than December 6, 2016, so that charges related to the gun could be prosecuted with charges related to a prior arrest for possession with the intent to distribute. (*Id.* at 15.) Officer Schuck, who is identified as a supervisor, allegedly joined this conspiracy by signing off on the arrest report "that contains a blatant fabricated occurrence" as to the gun. (*Id.* at 16.)

Plaintiff alleges that ADA Harmon charged him with firearms violations without the proper underlying paperwork and despite the alleged misrepresentation noted above, thereby joining the alleged conspiracy. (*Id.* at 17.) Plaintiff avers that the other ADAs named as Defendants likewise violated his rights by participating in the prosecution against him at various stages of his criminal case. (*Id.* at 17–18.) He does not raise any specific allegations against ADA Kaufman, who is presumably sued because of his supervisory role.

Based on those allegations, Plaintiff initiated this lawsuit claiming violations of his constitutional rights. He seeks $24 million in compensatory and punitive damages associated with his "wrongful conviction" and related harm. (*Id.* at 8.)

After filing his Complaint, Plaintiff filed a "Petition To Add A [sic] Additional Defendant" as well as a document titled "Additional Claims of Federal rights deprivations and Denials." (*See* ECF Nos. 7, 8.) Plaintiff seeks to add Ernest Brown, another police officer, as a defendant in this matter on the basis that Brown "played a key role in said due process violations, equal protection violations," and the alleged conspiracy by purportedly forging a property receipt

on December 6, 2016, when he used the incorrect incident number on the receipt. (ECF No. 7 at 2.) Plaintiff also raises additional allegations against the ADAs based on the manner in which they prosecuted him, specifically, that they prosecuted the gun and drug offenses together. (*See* ECF No. 8.) He also filed a "Notice of Exhibit," in which he discusses the alleged violations of his rights stemming from his prosecution, including the "cruel and unusual double jeopardy charging procedure." (ECF No. 10 at 1.) Plaintiff attached to this filing a response to a habeas petition he filed, which is signed by ADAs Zipin and Kaufman. (*See id.* at 3–6.)

## II.    STANDARD OF REVIEW

Plaintiff is granted leave to proceed *in forma pauperis* because it appears that he is unable to pay the costs of filing suit.[5] As Plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) apply, which require the Court to dismiss the Complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), or is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "[M]ere conclusory statements[] do not suffice." *Id.* The Court may also consider matters of public record in assessing Plaintiff's claims. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Courts may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001) ("a complaint may be subject to

---

[5] However, as Plaintiff is a prisoner, he will be obligated to pay the $350 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

4

dismissal . . . when an affirmative defense . . . appears on its face") (internal quotation marks omitted); *McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010). As Plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

#### A. Claims Against the ADAs

Plaintiff's claims against the ADAs are all barred by absolute prosecutorial immunity. Prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and [] presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). "[W]hether a prosecutor is entitled to absolute immunity depends on whether she establishes that she was functioning as the state's 'advocate' while engaging in the alleged conduct that gives rise to the constitutional violation." *Yarris v. Cty. of Delaware*, 465 F.3d 129, 136 (3d Cir. 2006). The period during which prosecutors are most likely entitled to immunity "is the time between indictment and dismissal, acquittal, or conviction." *Odd v. Malone*, 538 F.3d 202, 211 (3d Cir. 2008) (footnote omitted). Supervisory prosecutors are likewise entitled to absolute immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348–49 (2009).

Here, Plaintiff's claims against the prosecutors are based entirely on their participation, whether direct or supervisory, in initiating and pursuing the Commonwealth's case against him. Accordingly, the ADAs are entitled to absolute prosecutorial immunity from Plaintiff's claims and the Court will dismiss those claims with prejudice as legally baseless.

### B.     Claims Against the Police Officers

Plaintiff's claims against the police officers also fail.[6]  "[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (footnote omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.") (emphasis omitted).  Here, Plaintiff asserts violations of his constitutional rights associated with his prosecution, conviction, and imprisonment, but his convictions have not been reversed on appeal, vacated, or otherwise invalidated.  Accordingly, these claims challenging Plaintiff's prosecution, conviction, and related imprisonment are not cognizable at this time.

To the extent Plaintiff's claims related to his arrest, imprisonment, and the events at the police station prior to his prosecution are not barred by *Heck* such that they are currently cognizable, his claims fail as time barred.  *See Montgomery v. De Simone*, 159 F.3d 120, 126 n.5 (3d Cir. 1998) (explaining that the plaintiff's "claims for false arrest and false imprisonment

---

[6] This includes Plaintiff's claims against the officers named in the Complaint as well as Officer Brown, who Plaintiff seeks to add as a defendant in this matter.  As the claims against Officer Brown fail for the same reasons his claims against the other officers fail, Plaintiff's "Petition To Add A [sic] Additional Defendant" will be denied.

[were] not the type of claims contemplated by the Court in *Heck* which necessarily implicate the validity of a conviction or sentence"). Pennsylvania's two-year limitations period applies to Plaintiff's § 1983 claims. *See* 42 Pa.C.S.A. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). "[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397. Otherwise, the limitations period begins to run from the time the plaintiff "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

To the extent Plaintiff's false arrest and related false imprisonment claims are cognizable, those claims accrued on December 7, 2016, because Plaintiff was arrested on December 6, 2016 and arraigned the next day. Any other cognizable claims based on events at the police station also would have accrued during the time between December 6, 2016 and December 7, 2016. Accordingly, Plaintiff had until December 7, 2019 at the latest to pursue these claims. However, he did not file this lawsuit until February 20, 2020 at the earliest.[7] The Court will therefore dismiss these claims with prejudice as time barred.

---

[7] The Complaint does not indicate when it was given to prison officials for mailing, but it is dated February 20, 2020. Accordingly, that is the earliest date on which the Complaint could be considered filed.

**IV.    CONCLUSION**

For the foregoing reasons, the Court will grant Plaintiff leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[8] Plaintiff's claims will be dismissed with prejudice, with the exception of his claims that were dismissed as barred by *Heck*, which will be dismissed without prejudice to Plaintiff initiating a new civil action raising those claims only in the event his underlying convictions are reversed, vacated, or otherwise invalidated. Plaintiff will not be given leave to file an amended complaint because amendment would be futile.

An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II
C. Darnell Jones, II    J.

---

[8] Plaintiff indicates that he is suing the Defendants in their individual and official capacities. "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 n.55 (1978) ("official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"). In other words, Plaintiff's official capacity claims are effectively claims against the City of Philadelphia, a municipal entity. To plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell*, 436 U.S. at 694. As nothing in the Complaint suggests any possible basis for a claim against the City, Plaintiff's official capacity claims fail. In any event, these claims likewise fail because they are either not cognizable or are time barred for the reasons discussed in § III.B. of this Memorandum.