IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOREL JENKINS, | : | |
| *Plaintiff*, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 20-1115 |
| | : | |
| TIMOTHY BOGAN, et al., | : | |
| *Defendants*. | : | |

**ORDER**

AND NOW, this 22nd day of June, 2020, upon consideration of Dorel Jenkins's Motion to Proceed *In Forma Pauperis* (ECF No. 5), Prisoner Trust Fund Account Statements (ECF Nos. 6, 9), *pro se* Complaint (ECF No. 2), "Petition To Add A [sic] Additional Defendant" (ECF No. 7), "Additional Claims of Federal rights deprivations and Denials" (ECF No. 8), and "Notice of Exhibit" (ECF No. 10), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED**.

2. Dorel Jenkins, #QA-4352, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), notwithstanding the outcome in this case. The Court directs the Superintendent of SCI Benner Township or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Mr. Jenkins's inmate account; or (b) the average monthly balance in Mr. Jenkins's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Mr. Jenkins's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the

preceding month's income credited to Mr. Jenkins's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

    3.    The Clerk of Court is directed to **SEND** a copy of this Order to the Superintendent of SCI Benner Township.

    4.    The Complaint is **DEEMED** filed.

    5.    Plaintiff's Complaint is **DISMISSED** in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) as follows:

        a.  Plaintiff's individual capacity claims against the Assistant District Attorneys named as Defendants—Jason Harmon, Owen Ladd, Susan Keesler, Jocelyn O'Conner, Kate McDermott, Tony Alvarez, Brian Burke, Laura Zipin, and Max C. Kaufman—are **DISMISSED WITH PREJUDICE** as barred by absolute prosecutorial immunity.

        b.  Plaintiff's official capacity claims and all claims against the police officers named as Defendants—Timothy Bogan, David Macellino, and James Schuck—that relate to Plaintiff's prosecution, conviction, and imprisonment, are **DISMISSED WITHOUT PREJUDICE** to Plaintiff filing a new case only in the event his underlying convictions are reversed, vacated, or otherwise invalidated. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

        c.  Plaintiff's remaining claims are **DISMISSED WITH PREJUDICE** as time barred.

    6.    The "Petition To Add A [sic] Additional Defendant" (ECF No. 7) is **DENIED** because amendment would be futile for the reasons discussed in the Court's accompanying Memorandum.

7. The Clerk of Court shall **CLOSE** this case.

                                                                                BY THE COURT:

                                                                                /s/ C. Darnell Jones, II
                                                                                C. Darnell Jones, II    J.